UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
EFT SERVICES, LLC,

                     Plaintiff,                            **ORDER**

       -against-                            **20-CV-1757 (JGK) (JW)**

I-POS SYSTEMS LLC, *et al.*,

                     Defendants.
-----------------------------------------------------------------X
**JENNIFER E. WILLIS, United States Magistrate Judge:**

On January 9, 2024, non-party Deven Werling filed a letter motion to unseal Defendants' response to the order to show cause for a temporary restraining order and preliminary injunction. Dkt. No. 41. Non-party Werling's letter claimed that the Court never granted Defendants permission to file sealed or redacted documents. Id. Non-party Werling's letter requests that Defendants replace the redacted filings with unredacted versions. Id.

On January 11, 2024, Judge Koeltl informed non-party Werling that Judge Daniels indeed granted Defendants' application to file their response to the order to show cause for a temporary restraining order and preliminary injunction under seal. Dkt. No. 42 (citing Dkt. No. 18). Nonetheless, Judge Koeltl ordered the Defendants to explain why those redactions are justified. Id.

On February 26, 2024, Defendants filed a letter arguing why their documents should remain sealed or redacted. Dkt. No. 45. On February 29, 2024, Defendants filed an amended explanation because the original contained factual errors. Dkt. No.

47. On February 28 and March 1, 2024, the above-described dispute was referred to this Court to issue an order. Dkt. Nos. 46, 48.

## I.     LEGAL STANDARD

Federal Rule of Civil Procedure 5.2 provides that a "court may order that a filing be made under seal without redaction" and "may later unseal the filing or order the person who made the filing to file a redacted version for the public record." Fed. R. Civ. P. 5.2(d).  The Second Circuit often applies a three-part inquiry to determine whether a document should be sealed or unsealed.  See Olson v. Major League Baseball, 29 F.4th 59, 87–88 (2d Cir. 2022); Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006).  That inquiry begins with whether the document(s) in question are "judicial documents." Olson, 29 F.4th at 87.  "[O]nly judicial documents are subject to a presumptive right of public access, whether on common law or First Amendment grounds." United States v. HSBC Bank USA, N.A., 863 F.3d 125, 134 (2d Cir. 2017).  However, if determined to be a judicial document, the common law presumption of public access attaches and the court must then determine "the particular weight of that presumption of access for the record at issue." Id. at 87–88. Finally, after the weight is determined, the court is required to balance any competing considerations against the weight of presumption.  Id. at 88.  "Those competing considerations may include, among others, the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." Id. (internal quotation marks and citations omitted).

In addition to the common law right, the public and press also have a right to access documents under the First Amendment. Lugosch, 435 F.3d at 120. The Second Circuit has articulated two approaches for determining whether the public or press have a right to access documents under the First Amendment: (1) the experience and logic approach; and (2) the "extent to which the judicial documents are derived from or [are] a necessary corollary of the capacity to attend the relevant proceedings." Id. (internal quotation marks and citation omitted).

"The party seeking to seal a document—or, as is the case here, maintain a document under seal—bears the burden of overcoming that presumption of openness." In re New York Times Co., No. 24-MC-45 (VSB), 2024 WL 4491562, at *1 (S.D.N.Y. Oct. 15, 2024); see also Coscarelli v. ESquared Hosp. LLC, No. 18-CV-5943 (JMF), 2020 WL 6802516, at *1 (S.D.N.Y. Nov. 19, 2020) (citing United States v. Amodeo, 44 F.3d 141, 148 (2d Cir. 1995)).

## II. DISCUSSION

Here, non-party Werling seeks an un-redacted version of Defendants' responses to the order to show cause for a temporary restraining order and preliminary injunction. Dkt. No. 42. The Court evaluates in turn whether non-Party Werling and the public have a right to those documents under common law or the First Amendment.

3

A.   **Common Law.**

   i.   <u>Whether the Documents are "Judicial Documents"</u>

First, this Court must determine if the documents non-party Werling seeks are "judicial documents." <u>Olson</u>, 29 F.4th at 87.  "[T]he mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access." <u>Olson</u>, 29 F.4th at 87 (citing <u>United States v. Amodeo ("Amodeo I")</u>, 44 F.3d 141, 145 (2d Cir. 1995).  Rather, the document(s) "must be relevant to the performance of the judicial function and useful in the judicial process." <u>Id.</u> (same).

At step one, Defendants argue that the documents should not be considered "judicial documents" because they "contain detailed proprietary information, technological details, and other trade secrets…" and "there is no presumed right of public access to such proprietary information that would serve no public interest." Dkt. No. 47 at 3–4.

The potentially sensitive nature of the documents' contents is not relevant at step one of a sealing or unsealing analysis.  Instead, this Court must determine whether the documents in question are "relevant to the performance of the judicial function and useful in the judicial process." <u>Olson</u>, 29 F.4th at 87.

On March 13, 2025, Judge Koeltl held oral argument on the underlying motion. Dkt. No. 38.  Evinced by the transcript, Judge Koeltl relied on both the Parties written submissions and on oral argument when making his decision to deny continuation of the temporary restraining order. <u>Id.</u> at 17, 28–31.  Therefore, Defendants' redacted responses to the temporary restraining order and preliminary injunction were indeed

4

relevant and useful to the judicial process. As such they are judicial documents, and the common law presumption of public access attaches to those documents.

### ii.  The Weight of the Presumption of Access

Second, this Court must determine the strength or weight of the presumption that should attach to the documents in question. Olson, 29 F.4th at 87–89. "The presumption of public access exists along a continuum." Id. at 89. "The strongest presumption attaches where the documents determin[e] litigants' substantive rights, and is weaker where the documents play only a negligible role in the performance of Article III duties." Id. (internal quotation marks and citations omitted).

Defendants argue that this part of the inquiry "should also be answered in the negative [because] the proprietary information in question has no value to those monitoring the federal courts." Dkt. No. 47 at 4.

Here, the documents in question are opposing a temporary restraining order and preliminary injunction. "[D]ocuments submitted in connection with motions for a temporary restraining order and preliminary injunction are documents that directly affect an adjudication, and should thus generally be subject to public scrutiny." Vinci Brands LLC v. Coach Servs., Inc., No. 23-CV-5138 (LGS), 2023 WL 6289969, at *1 (S.D.N.Y. Sept. 27, 2023) (internal quotation marks and citations omitted); see also Sec. & Exch. Comm'n v. Telegram Grp. Inc., No. 19-CV-9439 (PKC), 2020 WL 3264264, at *6 n.2 (S.D.N.Y. June 17, 2020) (holding documents in support of a preliminary injunction are entitled to a "strong presumption" and those in support of a temporary restraining order are entitled to a "lesser—but still

5

substantial—presumption"). Therefore, contrary to Defendants' argument, Defendants' responses are assigned, at minimum, a substantial presumption of public access.

### iii. Countervailing Factors

Last, this Court must consider and balance any competing considerations against the presumption of public access. Olson, 29 F.4th at 87. Among those countervailing considerations is the privacy interest of the party resisting disclosure and innocent third parties. United States v. Amodeo ("Amodeo II"), 71 F.3d 1044, 1050 (2d Cir. 1995). An inquiry into a party's privacy interest includes "the degree to which the subject matter is traditionally considered private rather than public" and the nature and degree of any injury. Id. at 1051.

Regarding countervailing factors, Defendants make the conclusory argument that this consideration should be resolved in their favor because "the privacy interest of all parties involved, including third parties not participating in this action, far outweigh any competing considerations." Dkt. No. 47 at 4.

While the Defendants conclusory argument falls short of meeting their burden to defeat the presumption of access, this Court finds that information and arguments contained in other portions of their letter can be applied to their burden for step three of the inquiry. Defendants initially asked to seal their responses because "certain sections of the response contain confidential and potentially inculpatory information related to all parties." Dkt. No. 12. Defendants now claim that, in addition to the previous conditions warranting sealing, the filings also "contain detailed proprietary

6

information, technological details, and other trade secrets…." Dkt. No. 47 at 3–4. Therefore, this Court must consider whether the sensitive information that would be disclosed by un-redacting Defendants' documents would outweigh the now determined substantial presumption of public access.

Upon review,[1] the redacted papers contain a mix of proprietary information and statements or legal conclusions that could be used to inculpate Plaintiffs and other non-parties to this matter and could invite further litigation against the Defendants.

### a. *Proprietary Information, Technological Details, and Trade Secrets*

"The demonstration of a valid need to protect the confidentiality of proprietary business information, such as internal analyses, business strategies, or customer negotiations, may be a legitimate basis to rebut the public's presumption of access to judicial documents." Telegram Grp. Inc., 2020 WL 3264264, at *3 (collecting cases). As a result, "[c]ourts in this Circuit regularly seal information that might disclose trade secrets or confidential business information." Iacovacci v. Brevet Holdings, LLC, No. 1:18-CV-08048 (MKV), 2022 WL 101907, at *2 (S.D.N.Y. Jan. 11, 2022) (collecting cases).

---

[1] When Judge Daniels granted Defendants' motion to seal and ordered public filings be redacted, he also ordered the unredacted version be served on the Court. Dkt. No. 18. While an unredacted copy was served on Judge Koeltl, no sealed and unredacted version of the documents appears on the docket for this Court to review. To assist this Court in deciding the present issues, this Court ordered Defendants to also serve an unredacted copy on this Court. Dkt. No. 49. Defendants failed to comply with that Order. In an effort to decide the issues on their merits, this Court was able to retrieve a copy of the unredacted filings from Judge Koeltl.

Here, many of the redactions relate to proprietary information or trade secrets regarding "certain technology and software referred to as the Protocols to enable transactions through specific hardware devices to specific third-party processors." See Dkt. No. 47 at 2. As a result, the publics' right of access to that specific information is outweighed by the Defendants' interest in keeping their proprietary information and trade secrets confidential. Telegram Grp. Inc., 2020 WL 3264264, at *3 (collecting cases); Iacovacci, 2022 WL 101907, at *2 (collecting cases). Thus, the redactions related to Defendants' proprietary information and trade secrets shall remain in place.

  *b. Statements or Information that may Inculpate or Invite Potential Litigation*

Defendants failed to provide this Court with specific caselaw that would support the continued redaction of statements or information that may be used to inculpate Plaintiffs or third-parties, or expose Defendants to more litigation.

However, the Second Circuit requires courts to consider and balance countervailing factors related to the privacy interest of the party resisting disclosure and innocent third parties, including "the degree to which the subject matter is traditionally considered private rather than public" and the nature and degree of any injury. Amodeo II, 71 F.3d at 1050–51.

First, Defendants arguments that the redacted information could be used to inculpate Plaintiffs is unavailing. Plaintiffs are not a third-party nor are they the party resisting disclosure.

8

Second, Defendants letter makes multiple mentions that the redacted information, if unredacted, may "potentially be used to inculpate various third-party merchants." Dkt. No. 47 at 3. While this Court's decision is to be guided by the privacy concerns of innocent third parties, Defendants provide no authority that a court should seal information to protect third parties from culpability. Therefore, this argument is also unavailing.

Third, Defendants argue that "un-redacting of those documents may potentially expose Defendants to further unmeritorious litigation…." Dkt. No. 47 at 3. Again, Defendants provide no caselaw that would support their argument that this Court should maintain redactions to protect a party from future litigation. In fact, a look at other district and circuit courts reveals that such reasons may not be sufficient to warrant sealing. See Kochan v. Cnty. of Cattaraugus Sheriff Deputy, No. 1:17-CV-00452, 2020 WL 8812836, at *12 (W.D.N.Y. Mar. 10, 2020) ("[T]he fact that publicly available material 'may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.'") (quoting Kamakana v. City & Cty. of Honolulu, 447 F.3d 1172, 1179 (9th Cir. 2006)).

However, in gauging the weight of Defendants privacy assertion, this Court considers "the degree to which the subject matter is traditionally considered private rather than public." Amodeo II, 71 F.3d at 1051. Here, Defendants discovered the relevant redacted information after performing a traditionally private internal audit

9

and only revealed the results of that audit in response to Judge Koeltl's order to show cause.

When deciding whether to seal documents related to an internal investigation, courts conduct a fact-intensive inquiry that often includes the policy concern of preserving confidentiality to promote internal investigations. See Monterey Bay Mil. Hous., LLC v. Ambac Assurance Corp., No. 19-CV-9193 (PGG), 2024 WL 5076424, at *3 (S.D.N.Y. Dec. 11, 2024) (collecting cases). It is of great concern to this Court that un-redacting the results of private internal audits done to ensure that licensed technology is not being misused will dramatically deter future audits or investigations of its kind. See Lockwood v. Dunkirk City Sch. Dist., No. 21-CV-941-(LJV), 2024 WL 1832488, at *2 (W.D.N.Y. Apr. 26, 2024) (ruling disclosure of an internal investigation presented a potential "chilling effect" and would likely inhibit future investigations).

So, while Defendants' potential exposure to further litigation alone is not enough to maintain redactions, when combined with the greater interest in promoting companies to perform private internal audits or investigations, this Court finds that Defendants' privacy interests outweigh the publics' right to access the results of such audits. Moreover, it is of note here that the documents are not sealed in their entirety. Instead, the documents in response to Judge Koeltl's order to show cause contain, admittedly heavy, redactions of proprietary information and the results of the internal audit. Olson, 29 F.4th at 93 ("a district court should consider

10

its ability to use redactions that do not unduly interfere with the public's right to access judicial documents in order to address privacy concerns.").

## B.  First Amendment

Defendants failed to mention the public's First Amendment presumption of access to the redacted information and therefore advanced no arguments regarding such. Non-party Werling's letter that prompted this Order also failed to claim a First Amendment presumption of access to the redacted information. Nonetheless, this Court evaluates whether non-party Werling and the public have a right to an unredacted copy of Defendants' opposition to the order to show cause for a temporary restraining order and preliminary injunction based on the arguments set forth regarding the common law right. See In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig., No. 14-MC-2542 (VSB), 2023 WL 196134, at *6 (S.D.N.Y. Jan. 17, 2023) ("Finally, while the moving party bears the burden of justifying sealing, the ultimate task of balancing these interests "rests heavily upon the shoulders of the trial judge." (quoting Matter of New York Times Co., 828 F.2d at 116)).

### i.  Experience and Logic

At the first step of the experience and logic approach a court considers whether the documents in question "have historically been open to the press and general public." Lugosch, 435 F.3d at 120. Here, the documents themselves are not sealed but rather redacted. Thus, this Court considers whether the redacted information has been historically open to the public. In doing so, this Court agrees with the Defendants that the redactions have not been historically open to the public because

they "contain[] proprietary information and trade secrets to which the general public has no right of access." Dkt. No. 47 at 3–4. Similarly, the findings of private internal audits have not been historically open to the public. Therefore, this Court finds that under the experience and logic approach, the First Amendment presumption of access does not attach to the redacted information.

      ii.    <u>The Capacity to Attend the Relevant Proceedings</u>

The second approach under the First Amendment "considers the extent to which the judicial documents are derived from or [are] a necessary corollary of the capacity to attend the relevant proceedings." Lugosch, 435 F.3d at 120 (internal quotation marks and citation omitted). Here, Judge Koeltl held a hearing on the extension of the temporary restraining order, but not one for the preliminary injunction. The transcript of that hearing remains unsealed and unredacted. <u>See</u> Dkt. No. 38.

As evinced by this matter, hearings on TRO's and their transcripts may be open to the public which allows for an adequate understanding of the court's decision despite document redactions. <u>See</u> Dkt. No. 38. Therefore, the redacted information is not a "necessary corollary" to attend those proceedings. Thus, the First Amendment presumption of access does not apply to the redacted information under this approach either.

Moreover, even if the First Amendment presumption did apply, this Court would still find that the nature of the redated information warrants that it remains redacted. <u>Hatzimihalis v. SMBC Nikko Sec. Am., Inc.</u>, No. 20-CV-8037 (JPC), 2023

12

WL 3736440, at *2 (S.D.N.Y. May 31, 2023) ("Nonetheless, 'in certain circumstances, business data ... may remain under seal even where the First Amendment is implicated.'") (quoting In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig., 2023 WL 196134, at *6); see also In re Zimmer M/L Taper Hip Prosthesis or M/L Taper Hip Prosthesis with Kinectiv Tech. & Versys Femoral Head Prods. Liab. Litig., No. 18-MC-2859 (PAC), 2021 WL 4706199, at *2 (S.D.N.Y. Oct. 8, 2021). This Court has already made specific findings that the proprietary information and results of internal audits should remain redacted for good reason. See supra Section II(A)(iii)(a) at 8; Section II(A)(iii)(b) at 10–11. Thus, the circumstances of this case would be those that warrant sealing even if the First Amendment presumption applied.

### III.  CONCLUSION

For the reasons described in detail above, non-party Werling's letter request seeking an order to have Defendants file an un-redacted version of their responses to the order to show cause for a temporary restraining order and preliminary injunction is **DENIED**.

SO ORDERED.

DATED:   New York, New York
         June 25, 2025

*Jennifer E. Willis*
JENNIFER E. WILLIS
United States Magistrate Judge